# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JOHN SCOTT, )
 )
 Movant, )
 )
v. ) Case No. CV412-151
 ) [underlying CR405-331]
UNITED STATES OF AMERICA, )
 )
 Respondent. )

## REPORT AND RECOMMENDATION

Having unsuccessfully litigated a 28 U.S.C. § 2255 motion in 2010, CR405-331, doc. 191,[1] John Scott has filed a second, citing "structural errors."[2] Doc. 319. A second, or successive 28 U.S.C. § 2255 motion

---

[1] Undertaking its preliminary review per 28 U.S.C. § 2255 Rule 4(b), the Court is citing only to the criminal docket and using its docketing software's pagination; that may not always line up with each paper-document's printed pagination.

[2] In his first 2255 motion, he raised ineffective assistance of counsel claims, asserting that his defense attorney was ineffective because (a) he lied and used unprofessional practices to persuade him to plead guilty; (b) lied to protect himself instead of maintaining absolute loyalty to Scott, his client; and (c) labored under an "obvious actual conflict" with Scott. Doc. 285 at 3. Here he contends that "sentencing counsel provided ineffective assistance of counsel where Petitioner was forced to be represented by the attorney at sentencing in violation of his Sixth Amendment Right. . . ." Doc. 319 at 9. He deems this "the structural error, [so] the Court must now fashion a remedy where the ineffective assistance of counsel has used his direct appeal -- and has not raised the issue, which entitles him to absolute relief." *Id.* Scott explains that he fired that lawyer and hired new counsel in time for sentencing but the district judge blocked that move. *Id.* at 7-8. He does not say why

must be certified to contain: 1) newly discovered evidence that, when viewed as a whole would be "sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense"; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. 28 U.S.C. 2255(h)(1)-(2). *See, e.g., In re Perez*, ___ F.3d ___, 2012 WL 1889150 at * 1 (11th Cir. May 25, 2012).

Scott does not even bother to acknowledge, let alone attempt to meet, that criteria. And, he has knocked on the wrong court's door. Successive motions go to the appellate court first. *Adams v. Thaler*, ___ F.3d ___, 2012 WL 1415094 at * 5 (5th Cir. Apr. 25, 2012); *Brown v. United States*, 2012 WL 1664150 at * 1-2 (S.D. Ga. Apr. 13, 2012). Even so, his § 2255 motion would fail, as he has cited no new evidence or rule of constitutional law. Hence, his § 2255 motion must be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this __14th__ day of June, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

he could not have raised these grounds in his first § 2255 motion, let alone during his unsuccessful appeal of its denial.