# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JOHN F. SCOTT,            )
)
     Movantt,           )
)
v.                       )     Case No. CV413-186
)            CR405-331
UNITED STATES OF AMERICA   )
)
     Respondent.       )

## REPORT AND RECOMMENDATION

John F. Scott has filed a new 28 U.S.C. § 2255 motion which, upon preliminary review under 28 U.S.C. § 2255 Rule 4(b), the Court determines to be successive and therefore must be denied. In 2007, he pled guilty to one count of bank fraud in exchange for the government's dismissal of nine other counts of bank fraud and money laundering. Docs. 191 & 223. [1] The Court sentenced him to 120 months in prison. Doc. 231, *aff'd*, *United States v. Scott*, 280 F. App'x. 926. 930 (11th Cir.

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

2008).  In 2008, Scott filed an unsuccessful 28 U.S.C. § 2255 motion to vacate his sentence.  Docs. 267, 285, 291.  Scott unsuccessfully appealed, docs. 292 & 314.  He filed another § 2255 motion in 2012, doc. 319, and this Court denied it as successive.  Docs. 320 & 323.  The Eleventh Circuit said likewise when he knocked on its door.  Doc. 324.

At the time of Scott's sentencing, either the judge or the jury could decide whether a defendant's conduct met the requirements for a mandatory minimum sentence. *Harris v. United States*, 536 U.S. 545 (2002). But *Alleyne v. United States*, 133 S.Ct. 2151 (2013), overrules *Harris* and holds that a judge cannot make this decision unless the defendant waives his entitlement to a jury, or admits facts that require a minimum sentence.  *Id.* at 2163-64.  Construing his *pro se* pleadings liberally, Scott insists *Alleyne* entitles him to pursue a second collateral attack because it establishes a new constitutional rule within the meaning of 28 U.S.C. § 2255(h)(2).

Yet, § 2255(h)(2) only applies if a new rule has been "made retroactive to cases on collateral review by the Supreme Court." That can only come from the Justices. *See Dodd v. United States*, 545 U.S. 353 (2005); *Tyler v. Cain*, 533 U.S. 656 (2001). Resolving *Alleyne* on direct,

rather than collateral, review, that Court never said that its new rule applies retroactively on collateral attack. For that matter,

> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348 (2004). This implies that the Court will not declare *Alleyne* to be retroactive. *See also Curtis v. United States*, 294 F.3d 841 (7th Cir.2002) (*Apprendi* itself is not retroactive). But the decision is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2) or the equivalent rule for state prisoners, 28 U.S.C. § 2244(b)(2)(A).

*Simpson v. United States*, ___ F. 3d ___, 2013 WL 3455876 at * 1 (7th Cir. July 10, 2013).

In any event, Scott has knocked on the wrong court's door. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Scott has not shown why he has knocked on this door instead. And he is experienced. Doc. 324.

Accordingly, his latest § 2255 motion (doc. 328) must be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009),

the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 12th day of August, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA