IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 405-331-10 |
| | * | |
| JOHN SCOTT | * | |

## O R D E R

On September 7, 2017, Defendant John Scott was sentenced upon the revocation of his probation to serve 18 months of imprisonment. Defendant did not appeal his revocation or his sentence, and the time to do so has passed.

On December 26, 2017, Defendant filed a motion for a copy of the transcript of the revocation proceeding and other related documents. Defendant provides no reason for this request. The record indicates that the revocation proceeding has not been transcribed.

A defendant may not obtain a free transcript unless he shows that the transcript is necessary to decide an issue presented by suit or appeal. See 28 U.S.C. § 753(f). Moreover, the Eleventh Circuit has explained:

> We hold that a request by a prisoner for access to the court files of his underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction; a prisoner is entitled to access to the court files only after he has made a showing that such files are necessary to

the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding.

Hansen v. United States, 956 F.2d 245, 248 (11th Cir. 1992) (footnotes omitted); see also Walker v. United States, 424 F.2d 278, 278-79 (5th Cir. 1970) (stating that "[a] federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error").

Here, Defendant does not have an appeal or post-conviction collateral attack pending. Thus, Defendant's motion for a transcript and other related documents (doc. 357) is premature and must be **DENIED**.[1]

**ORDER ENTERED** at Augusta, Georgia, this 16th day of May, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Defendant is not prohibited from making arrangements with the court reporter to pay for a copy of the transcript and any other requested items in the record of the case.

2